1  Randy H. McMurray, Esq. (SBN 126888)
2  Email: rmcmurray@law-mh.com
   Yana G. Henriks, Esq. (SBN 250638)
3  Email: yhenriks@law-mh.com
4  **MCMURRAY HENRIKS, LLP**
   811 Wilshire Blvd., Suite 1640
5  Los Angeles, California 90017
6  Telephone: (323) 931-6200
7  Facsimile:  (323) 931-9521

8  Attorneys for Plaintiff, Robert B. McDougal, a dependent individual
9  by and through his Guardian ad litem Marla Maclean

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| ROBERT B. MCDOUGAL, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, a public entity; ORANGE COUNTY SHERIFF'S DEPARTMENT, a public entity; ORANGE COUNTY CENTRAL MEN'S JAIL, an Orange County Jail; and DOES 1-50, inclusive, <br><br> Defendants. | **CASE NO.:** 8:21-cv-02027 <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> 1. **Failure to Protect and Provide Adequate Medical Care (42 U.S.C. § 1983);** <br> 2. **Violation of 8th Amendment of U.S. Constitution for Deliberate Indifference (Cruel & Unusual Punishment);** <br> 3. **Violation of Cal. Constitution Art. I, § 17 (Cruel & Unusual Punishment);** <br> 4. **Violation of Americans With Disabilities Act Title II – Prison Conditions (42 U.S.C. § 12131 *et seq.*);** <br> 5. **Violation of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794, *et seq.*);** |

MCMURRAY HENRIKS, LLP<br>5670 WILSHIRE BOULEVARD, SUITE 1450<br>LOS ANGELES, CA 90036

6. **Violation of Bane Act (Cal. Civ. Code § 52.1);**
7. **Violation of Ralph Act (Cal. Civ. Code § 51.7)**
8. **Ratification (*Monell*);**
9. **Unconstitutional Policy (*Monell*); and**
10. **Negligent Hiring, Training, Supervision, Discipline, and/or Retention.**

**DEMAND FOR JURY TRIAL**

**COMES NOW PLAINTIFF ROBERT B. MCDOUGAL**, a dependent individual by and through his Guardian ad litem Marla Maclean, to complain of Defendants, and each of them, and alleges as follow:

## INTRODUCTORY STATEMENT

1. This is an action for the violations of Plaintiff's civil rights under the Constitutions of the United States and of the State of California, various federal and state statutes and common law. Plaintiff is seeking monetary damages from Defendants and each of them, in connection with the discrimination and wrongful conduct outlined herein against Plaintiff Robert B. McDougal (hereinafter "Plaintiff") between December 8, 2020, through June 7, 2021.

2. Plaintiff is autistic and suffers from other developmental disorders. Further, in late 2020, he completed a series of complicated abdominal surgeries as part of treatment for severe intraabdominal infections stemming from ulcerative colitis. Following some troubles with the criminal justice system directly linked to his mental health disorders, Plaintiff was sentenced to jail time. Plaintiff through his GAL and legal counsel, informed Defendants County of Orange, the Orange County Sheriff's Department, and the Orange County Central Men's Jail of his underlying medical conditions, special needs, and the accommodations he would require while under their custody. These notices and requests were ignored.

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

3.    Instead, Defendants placed him in the general population of the Orange County Central Men's Jail. Plaintiff – who was incarcerated primarily for being on school campus without consent and nonviolent vandalism – was housed in a cell with a violent criminal who, on information and belief, was convicted of murdering his mother.

4.    On or about February 18, 2021, Plaintiff's cellmate Michael Marte violently attacked Plaintiff in the middle of the night for waking him up while using the bathroom. Marte struck Plaintiff with closed fists on the head and torso multiple times incessantly. When Plaintiff collapsed, Marte began kicking Plaintiff in the back of his head and his torso – the site of his surgeries. Jail staff arrived and ended the altercation.

5.    As a result of the assault, Plaintiff suffered serious bodily injury.

6.    Defendants failure to protect Plaintiff, provide reasonable accommodations for his special needs, and their deliberate, willful indifference to the foreseeable violations of his basic constitutional civil rights resulted in Plaintiff's suffering considerable damages and harm.

## **PARTIES**

7.    Plaintiff was, between December 8, 2020, through June 7, 2021, incarcerated within the County of Orange, in the State of California. Presently, he is a resident of the County of Orange.

8.    Defendant County of Orange ("County") is and was at all times relevant herein, a public entity and political subdivision, organized and existing under the laws of the State of California and related federal statutes.

9.    Furthermore, at all times relevant herein, County owned, operated, managed, directed and/or controlled the Orange County Sheriff's Department ("County Sheriffs"). Defendant County Sheriffs is and was at all times relevant herein, a public entity and a subdivision of the County operating under the existing laws of the State of California and related federal statutes.

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

10. Defendant Orange County Central Men's Jail ("OCCMJ") is and was at all times relevant herein a County Jail existing in the County of Orange and operating under the laws of the State of California and related federal statutes. Plaintiff is informed and believes and thereon alleges that OCCMJ received and/or receives federal funding for its operations within this State.

11. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants herein fictitiously named as a DOES 1 through 25 is legally responsible, negligent or in some other actionable manner, liable for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiff as herein alleged. If needed, Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of these fictitiously named Defendants when the same have been ascertained.

12. Defendants County, County Sheriffs, OCCMJ, and DOES 1 through 50, are collectively referred to herein as "Defendants".

13. In doing the acts alleged in this complaint, Defendants including DOES 1 through 50, and each of them were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the State of California and under the authority of their respective offices.

14. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

1

## JURISDICTION AND VENUE

2

15.     This is an action under 42 U.S.C. § 1983 and California law to redress

3 violations of Mr. McDougal's rights under the Constitution of the United States.

4 Jurisdiction is based on 28 U.S.C. § 1331.

5

16.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District

6 of California because the acts or omissions which form the basis of Mr. McDougal's

7 claims occurred in the County of Orange, California.

8

17.     On or around August 2, 2021, Plaintiffs duly filed a government claim

9 for damages against the municipality pursuant to Government Code § 910, *et. seq*.

10 By operation of law, on September 16, 2021, the claim was rejected by operation

11 of law on January 4, 2018. The current action is timely filed within the statute of

12 limitations.

13

## FACTS COMMON TO ALL CAUSES OF ACTION

14

18.     Plaintiff was born in 1995 and suffers from autism, pervasive

15 developmental disorders, inflammatory bowel disease, intraabdominal infections, a

16 liver abscess, and ulcerative colitis. He was first diagnosed with ulcerative colitis at

17 age 16 and underwent chemotherapy continuously for about eight years, until 2019.

18 In 2020, Plaintiff underwent three major abdominal surgeries as a result of his

19 abdominal health issues; the first surgery was on February 8, and the last surgery

20 was on November 10, less than a month before he was incarcerated. Plaintiff has a

21 slight build; before his surgeries he weighed 150 pounds. Post-surgery his weight

22 dropped to 109 pounds. He had not fully healed when he was taken into custody.

23

19.     At all times relevant herein, Plaintiff is and was a physically disabled

24 person as defined under the Americans with Disabilities Act ("ADA") 42 U.S.C. §

25 12131, *et seq.*

26

20.     Plaintiff's legal troubles with the criminal system are directly linked to

27 his issues with mental health. Despite his autism and developmental disorders,

28 Plaintiff demonstrates high levels of academic achievement. His problems began in

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

February 2017, when Plaintiff repeatedly asked a chemistry instructor to retake an examination with the help of a calculator after achieving a lower grade than he had expected. He had earned a "B." The instructor declined.

21. The instructor's refusal led Plaintiff to have a mental episode which resulted in him running in circles around the classroom until he was subdued by campus security officers. Subsequently, a restraining order was issued against Plaintiff preventing him from accessing campus or contacting the chemistry instructor.

22. Prosecutors alleged Plaintiff retuned to campus several times in violation of the protective order and allegedly engaged in vandalism at the school.

23. Eventually, Plaintiff entered into a plea agreement in which he pleaded guilty and was sentenced to six months jail time.

24. During the prosecution of the underlying criminal matter, Plaintiff via his guardian ad litem and mother Marla Maclean informed Defendants of Plaintiff's special needs resulting from his autism, developmental disorders, inflammatory bowel disease, intraabdominal infections, a liver abscess, and ulcerative colitis. Particularly, Ms. Maclean requested that Plaintiff be placed in isolation given that he had just undergone three separate abdominal surgeries which left him vulnerable to any physical altercation.

25. Plaintiff's special needs were raised during his sentencing hearing. Prosecutors insisted during these proceedings that OCCMJ was capable to process and protect Plaintiff.

26. On or about December 8, 2020, Plaintiff was arrested and placed under police custody.

27. All of Plaintiff's ailments were documented by OCCMJ's staff and/or nurses.

28. Despite having knowledge of Plaintiff's ailments and disabilities, County, County Sheriff's, and OCCMJ through its agents, employees, doctors,

COMPLAINT FOR DAMAGES

1  nurses and/or other hospital staff, intentionally, maliciously, wantonly, and/or

2  negligently and recklessly, deprived Plaintiff of a safe environment for him to

3  convalesce after his surgeries.

4      29.    Plaintiff's situation in jail was more precarious than it was for other

5  inmates as a result of his mental and physical medical condition. On January 26,

6  2020, Plaintiff was surrounded by five men who threatened him and said they would

7  rearrange his surgery. These men prevented Plaintiff from seeking aid. Eventually

8  Plaintiff was able to reach his guardian ad litem who notified the jail.

9      30.    The jail moved Plaintiff to a different communal living situation, rather

10 than place him in isolation so he could continue to convalesce.

11     31.    On January 28, 2021, two days after Plaintiff was threatened, his

12 physician from Kaiser Permanente, Johann Kolev, MD, wrote a letter delivered to

13 OCCMJ explaining that Plaintiff "completed a series of complicated surgeries as

14 part of his treatment for severe intraabdominal infection. [Plaintiff] requires close

15 multispecialty medical follow-up to optimize his healing potential and prevent peri-

16 procedural wound complications and infection. If his living conditions put him at

17 risk of physical harm or wound contamination, it may lead to impaired would

18 healing and recurrence of infection. It has been brought to my attention that in his

19 current situation, he may be at risk of getting into a physical altercation. If he is to

20 endure trauma to his abdomen in this peri-procedural period, it may lead to a

21 significant set back in his healing process." A true and correct copy of Dr. Kolev's

22 Letter is attached hereto as **Exhibit A**.

23     32.    Plaintiff's legal counsel also requested an emergency hearing with the

24 Superior Court regarding Plaintiff's situation. A hearing took place on February 3,

25 2021. Once more, the prosecutor assured the Court and Plaintiff's guardian ad litem

26 that OCCMJ could take care and protect Plaintiff.

27

28

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

33.    Plaintiff, who was incarcerated for six months as a result of vandalism and wanting to retake a chemistry test, was housed with a violent inmate who, on information and belief, was accused and/or convicted of murdering his mother.

34.    On February 17, 2021, near midnight, Plaintiff descended from his top bunkbed to use the bathroom in his cell. His cellmate Michael Marte became agitated at being woken up and started yelling at Plaintiff for making too much noise. Plaintiff was washing his hands when Marte stood up and began striking him with closed fists on the head and torso multiple times. Plaintiff fell on Marte's bottom bunk. He struggled to breathe due to the continued strikes.

35.    Eventually, Plaintiff escaped to his top bunk. He was bleeding profusely and had a laceration below his right eye. Plaintiff pressed the emergency button in the cell to alert jail staff. Marte continued to strike Plaintiff until he collapsed to the ground. Marte then began kicking Plaintiff in the torso and the back of his head.

36.    At 12:02 a.m., February 18, 2021, Jail staff responded to the incident through the emergency intercom. Marte covered the speaker with his hand to keep Plaintiff from alerting jail staff to his condition. Plaintiff retreated back to the top bunk. Marte yelled, "Stay on your bunk or I'll [expletive] you up again!" Plaintiff defensively kicked at Marte to keep him from climbing onto the top bunk. Jail staff arrived ending the altercation.

37.    Plaintiff's jail issued shirt had blood spattering on the left side of the chest, shoulder, and back. His pants had blood spattering on the crotch and left leg.

38.    The day after the incident, Plaintiff was placed in isolation until he was released from OCCMJ on or about June 6, 2021.

39.    As a direct and proximate result of Defendants' illegal, intentional, wanton, inhumane, cruel and unusual, and malicious actions, Plaintiff is required to and will continue to require medical care and treatment, including but not limited

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

to, physical therapy, and further invasive surgeries to his abdomen all to Plaintiff's detriment in an amount to be proven at trial.

40.    As a direct and proximate result of Defendants' illegal, intentional, wanton, inhumane, malicious, and brutal assault and battery on Plaintiff's person, Plaintiff was caused to and did suffer and sustain serious medical injuries all to Plaintiff's further detriment in an amount to be proven at trial.

41.    Furthermore, as a direct and proximate result of Defendants' illegal, intentional, wanton, inhumane, malicious, and brutal assault and battery on Plaintiff's person, Plaintiff has suffered and will continue to suffer significant pain, illness, emotional distress, mental anguish, and discomfort all to Plaintiff's detriment in an amount to be proven at trial.

42.    At the time of his injuries, Plaintiff was and continues to be a person with physical disabilities as defined under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131 *et seq.* and *California Civil Code* ("Cal. Civ. Code") § 54 *et seq.* and is and was denied full and equal access to services, programs, activities and/or public facilities as well as proper housing, and mobility accommodations, all to Plaintiff's further detriment in an amount to be proven at trial.

43.    As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 12205, 29 U.S.C. § 794(a), Cal. Civ. Code §§ 52.1(h), 52(b)(3), and 54.3(a). Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

44.    In committing the acts described above, Plaintiff is informed and believes and thereon alleges that Defendants and Does 1 through 50 and each of them, acted with a malice intent to disregard Plaintiff's rights as secured by State

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

9

and Federal statutes, and subjected Plaintiff to cruel and unusual punishment thus entitling Plaintiff to recover punitive damages pursuant to Cal. Civ. Code §§ 52(b)(1).

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PROTECT AND PROVIDE ADEQUATE MEDICAL CARE**
### **42 U.S.C. § 1983**

**(Against All Defendants and Does 1 through 50, inclusive)**

45.    Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

46.    Defendants have a duty to protect inmates from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial, criminal, and often violent conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating of one prisoner by another serves no legitimate penological objective, any more than it squares with the evolving standards of decency. Being violently assaulted in prison is not part of the penalty that criminal offenders pay for their offenses against society. Defendants demonstrated a deliberate indifference to the serious medical needs of Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

47.    Likewise, the government has an obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if authorities fail to do so, those needs will not be met. Such a failure may result physical torture or a lingering death which no one suggests would serve any penological purpose.

48.    Failure to protect or provide adequate medical care is a violation of inmates' Eighth Amendment right to be free from cruel and unusual punishment.

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

49.    Plaintiff had serious medical need related to his three recent surgeries, his mental health issues, and his general digestive disorders.

50.    Defendants were put on notice and were aware of Plaintiff's disability, medical condition, special needs, and the accommodations he needed. Plaintiff's autism, developmental disorders, digestive disorders, and three recent surgeries were the subject of discussion during the sentencing hearing during which Plaintiff requested special accommodations. Further, these issues were the subject of the January 28, 2021 emergency hearing before the Court. Plaintiff's physician drafted a letter outlining the severity that would result to Plaintiff's three recent injuries should he be subject to physical altercations. Defendants assured the Court that Plaintiff's needs would be addressed.

51.    However, Defendants intentionally, willfully, and deliberately ignored the medical needs of Plaintiff and failed to protect him by placing him with the general population of inmates and housing him in a cell with a violent criminal who on information and belief murdered his mother.

52.    It was foreseeable that Plaintiff would be the subject of violence and that his constitutional rights would be violated. Indeed, they were the subject of an emergency hearing.

53.    Defendants were acting or purporting to act in the performance of their official duties as entities of the State.

54.    Defendants conduct violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and his right to be free from violence under relevant California State law.

55.    As a direct result of Defendants' conduct, Plaintiff was harmed as follows: infringement of Plaintiff's civil rights, bruises, gashes, abrasions/scratches all over body, laceration to right eye, black right eye,  headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages.

56.    Defendant's failure to protect Plaintiff by placing him in adequate housing and deliberate ignorance of his medical needs were a substantial factor in causing Plaintiff's harm.

57.    Plaintiff is entitled to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF 8TH AMENDMENT OF U.S. CONSTITUTION FOR DELIBERATE INDIFFERENCE (CRUEL & UNUSUAL PUNISHMEN)

### (Against All Defendants and Does 1 through 50, inclusive)

58.    Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

59.    Plaintiff had a serious medical need resulting from his autism, developmental disorders, digestive disorders, and most critically due to his healing after three intraabdominal surgeries undergone in 2020. Due to Plaintiff's mental disorders and surgeries, he was especially at risk of being involved in and vulnerable to a physical altercation.

60.    Throughout sentencing proceedings, Plaintiff placed Defendants on notice of his needs for special accommodations, specifically to be isolated from the general population to allow him time to heal from his surgeries.

61.    Owing to Defendants refusal to accommodate Plaintiff's special needs and vulnerability arising from his mental health and three recent intraabdominal surgeries, Plaintiff was subject to severe violence by his cellmate and was in need of immediate medical care of first aid, examination, and pain management medication to address the internal damage, bruising and wounds to Plaintiff's torso, head, and lower body.

62.    Defendants knew that Plaintiff faced a substantial risk of serious harm

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

as a result of his surgeries. Indeed, Plaintiff had raised the issue by providing a letter from his health care provider following the January 26, 2021 threats he received from other inmates. Defendants willfully ignored these pleas.

63.     Defendants consciously disregarded the above risk by failing to take reasonable action to provide isolated, special housing in response to his need for an unreasonable period of time. As a result, Plaintiff was subjected to serious violence which reversed the benefits of his surgeries and caused serious bodily harm.

64.     Defendants were acting or purporting to act in the performance of their official duties as agents of the State when they failed to act as just described.

65.     The conduct of Defendants, herein described, was a substantial factor in causing the following harm, which was experienced by Plaintiff: infringement of Plaintiff's civil rights, bruises, gashes, abrasions/scratches all over body, laceration to right eye, black right eye,  headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages.

66.     As to Defendants DOES 1-50 only, the aforementioned conduct of these defendants was oppressive, subjecting Plaintiff to cruel and unjust hardship in conscious disregard of his rights, was malicious, intended to cause injury to Plaintiff and was despicable, carried on with a willful and conscious disregard of the rights and safety of Plaintiff thereby warranting the assessment of punitive damages against these defendants according to proof at trial.

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF CAL. CONSTITUTION, ART. I, § 17**
### **(CRUEL & UNUSUAL PUNISHMENT)**
### **(Against All Defendants and Does 1 through 50, inclusive)**

67.     Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

68.     Article I, Section 17 of the California Constitution provides, in relevant part, "Cruel or unusual punishment may not be inflicted or excessive fines imposed."

69.     Like the federal Constitution, failure to protect and provide adequate medical care is a violation of Plaintiff's right to be free from cruel or unusual punishment under the California Constitution.

70.     Plaintiff had a serious medical need resulting from his autism, developmental disorders, digestive disorders, and most critically due to his healing after three intraabdominal surgeries undergone in 2020. Due to Plaintiff's mental disorders and surgeries, he was especially at risk of being involved in and vulnerable to a physical altercation.

71.     Throughout sentencing proceedings, Plaintiff placed Defendants on notice of his needs for special accommodations, specifically to be isolated from the general population to allow him time to heal from his surgeries.

72.     Owing to Defendants refusal to accommodate Plaintiff's special needs and vulnerability arising from his mental health and three recent intraabdominal surgeries, Plaintiff was subject to severe violence by his cellmate and was in need of immediate medical care of first aid, examination, and pain management medication to address the internal damage, bruising and wounds to Plaintiff's torso, head, and lower body.

73.     Defendants knew that Plaintiff faced a substantial risk of serious harm as a result of his surgeries. Indeed, Plaintiff had raised the issue by providing a letter from his health care provider following the January 26, 2021 threats he received from other inmates. Defendants willfully ignored these pleas.

74.     Defendants consciously disregarded the above risk by failing to take

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

COMPLAINT FOR DAMAGES

reasonable action to provide isolated, special housing in response to his need for an unreasonable period of time. As a result, Plaintiff was subjected to serious violence which reversed the benefits of his surgeries and caused serious bodily harm.

75.    Defendants were acting or purporting to act in the performance of their official duties as agents of the State when they failed to act as just described.

76.    The conduct of Defendants, herein described, was a substantial factor in causing the following harm, which was experienced by Plaintiff: infringement of Plaintiff's civil rights, bruises, gashes, abrasions/scratches all over body, laceration to right eye, black right eye,  headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages.

77.    As to Defendants DOES 1-50 only, the aforementioned conduct of these defendants was oppressive, subjecting Plaintiff to cruel and unjust hardship in conscious disregard of his rights, was malicious, intended to cause injury to Plaintiff and was despicable, carried on with a willful and conscious disregard of the rights and safety of Plaintiff thereby warranting the assessment of punitive damages against these defendants according to proof at trial.

## FOURTH CAUSE OF ACTION

**VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE II –**

***Prison Conditions* – 42 U.S.C. § 12131, *et seq.***

**(Against All Defendants and Does 1 through 50, inclusive)**

78.    Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

79.    DEFENDANT OCCMJ is a public entity within the meanings of 42 U.S.C. § 12131(1)(b). *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋꜱ, LLP
5670 Wɪʟꜱʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1450
Lᴏꜱ Aɴɢᴇʟᴇꜱ, CA 90036

80.     Defendants OCCMJ and County Sheriffs are and were at all times relevant herein, public entities and subdivisions of the County operating under the existing laws of the State of California and subject to the regulations of 42 U.S.C. § 12131 *et seq*.

81.     ADA Title II applies to OCCMJ a County Jail pursuant to *United States v. Georgia* (2006) 126 S. Ct. 877.

82.     Plaintiff was at all times relevant herein a person with a physical disability that substantially limited one or more of his major life activities pursuant to 42 U.S.C. § 12131 *et seq*. and subject to the protections and accommodations under the ADA.

83.     In particular, under 28 C.F.R. § 35.152(b)(2) *et seq*., Defendants had a duty to ensure that "inmates…with disabilities are housed in the most integrated setting appropriate to the needs of the individuals… (i) [s]hall not place inmates…with disabilities in inappropriate security classifications because no accessible cells of beds are available…(iii) [s]hall not place inmates or detainees with disabilities in facilities that do not offer the same programs as the facilities that do not offer the same programs as the facilities where they would otherwise be housed."

84.     Furthermore under 28 C.F.R. § 35.152(b)(3), Defendants had a duty to "implement reasonable policies, including physical modifications to additional cells in accordance with the 2010 standards, so as to ensure that each inmate with a disability is housed in a cell with the accessible elements necessary to afford the inmate access to safe, appropriate housing.

85.     Despite the legal provisions of 42 U.S.C. § 12131 *et seq.,* Plaintiff was denied the ability to be housed in an ADA complaint unit and be protected from injury or risk of injury.

86.     In particular, Plaintiff required isolated housing to permit him to recover from his three abdominal surgeries.

87.     Despite having a full medical evaluation performed on Plaintiff at the time of Plaintiff's incarceration, Defendants through their agents, employees, officers, deputies, and/or other staff members continuously refused to proffer Plaintiff a safe environment to convalesce.

88.     Plaintiff was threatened within weeks of being in OCCMJ by five men. Plaintiff through his guardian ad litem notified the OCCMJ, who failed to act. Two weeks later, Plaintiff was the victim of a violent attack that resulted in serious bodily injury and was a violent shock to his body which had undergone serious surgery.

89.     Despite such a request, Plaintiff was not isolated until after he was violently beat.

90.     As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

91.     Defendants through their agents, employees, officers, deputies, and/or other staff members' violation of Plaintiff's rights as guaranteed by Cal. Civ. Code 42 U.S.C. § 12131 entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205.

## FIFTH CAUSE OF ACTION

## VIOLATION OF REHABILITATION ACT OF 1973 – 29 U.S.C. § 794

### (Against All Defendants and Does 1 through 50, inclusive)

92.     Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

93.     The Rehabilitation Act guarantees that anyone qualified to participate in a program, service, or activity will have meaningful access to it when it is offered by a state or local recipient of federal funds.

94.     Plaintiff is informed and believes and thereon allege that Defendants OCCMJ and County Sheriffs are and were at all times relevant herein, public entities that received federal funding and subdivisions of the County operating under the existing laws of the State of California and subject to the regulations of 29 U.S.C. § 794, *et seq.*

95.     Plaintiff was at all times relevant herein a person with a physical disability as defined under 29 U.S.C. § 705(20), *et seq.* and subject to the protections and accommodations under § 504 of the Rehabilitation Act.

96.     Plaintiff was denied equal access to facilities, programs, and/or services including the ability to be housed in an ADA complaint unit and be protected from injury or risk of injury.

97.     In particular, Plaintiff required access to isolated living quarters in order to reduce the potential for violent altercations given his recent abdominal surgeries.

98.     Despite having a full medical evaluation performed on Plaintiff at the time of Plaintiff's incarceration, Defendants through their agents, employees, officers, deputies, and/or other staff members continuously refused to properly house Plaintiff.

99.     As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

100.     Defendants through their agents, employees, officers, deputies, and/or other staff members' violation of Plaintiff's rights as guaranteed by 29 U.S.C. § 794 entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 794(b).

## SIXTH CAUSE OF ACTION

## VIOLATION OF BANE ACT – *Cal. Civ. Code § 52.1*

COMPLAINT FOR DAMAGES

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

**(Against All Defendants and Does 1 through 50, inclusive**)

101.   Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

102.   Defendants deliberately ignored the medical needs and accommodations required by Plaintiff as a result of his autism, developmental disorders, digestive disorders, and recent surgeries. By willfully ignoring Plaintiff's special needs and placing him with the general prison population, they knowingly left an especially vulnerable inmate in their custody to a violent attack.

103.   In so acting, Defendants intended to deprive Plaintiff of his enjoyment interests protected by the California and federal constitutions, including but not limited to the following: right to reasonable attention to serious medical needs (U.S. Const., Amend. VIII; Cal. Const., Art. 1, § 17); (e) rights to freedom from cruel and/or unusual punishment (U.S. Const., Amend. VIII; Cal. Const., Art. 1, § 17).

104.   Defendants were acting or purporting to act in the performance of their official duties as agents of the state when they committed the acts and omissions just described.

105.   The conduct of Defendants, herein described, was a direct and proximate factor in causing the following harm, which was experienced by Plaintiff: infringement of Plaintiff's civil rights, bruises, gashes, abrasions/scratches all over body, laceration to right eye, black right eye,  headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages.

106.   Plaintiff alleges entitlement to three times the abovementioned actual damages, or alternatively to minimum statutory damages, whichever is greater, pursuant to California Civil Code section 52.

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

107.   In the prosecution of this cause of action, Plaintiff will have reasonably incurred a substantial amount of attorney's fees and alleges entitlement of an award for the same pursuant to California Civil Code section 52.1(i).

108.   The aforementioned conduct of these Defendants was oppressive, subjecting Plaintiff to cruel and unjust hardship in conscious disregard of his rights, was malicious, intended to cause injury to Plaintiff and was despicable, carried on with a willful and conscious disregard of the rights and safety of Plaintiff thereby warranting the assessment of punitive damages against these defendants according to proof at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF RALPH ACT – *Cal. Civ. Code § 51.7*

### (Against All Defendants and Does 1 through 50, inclusive)

109.   Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

110.   Plaintiff suffers from autism and other developmental disorders. Additionally, Plaintiff suffers from chronic inflammatory bowel disease, intraabdominal infections, a liver abscess, and ulcerative colitis. In late 2020, Plaintiff underwent his third abdominal surgery of the year as a result of his abdominal health issues.

111.   Under the terms of the Ralph Act, Plaintiff accordingly suffers from a disability and medical condition.

112.   Plaintiff is entitled to be free from any violence or intimidation by threat of violence committed against his person or property as a result of his disability and medical condition.

113.   While under their custody, Defendants were required to provide for the protection and safety from violence of Plaintiff. Defendants were placed on notice of Plaintiff's special needs and vulnerabilities several times, including during the

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

COMPLAINT FOR DAMAGES

January 28, 2021, emergency hearing where a letter from Plaintiff's physician outlined the particular danger Plaintiff was likely to suffer as a result of a violent attack.

114.    Defendants willfully and deliberately ignored the special needs and vulnerabilities of Plaintiff. This deliberate ignorance led to the foreseeable violent attack of Plaintiff.

115.    Plaintiff is informed and believes, and on that basis alleges, that the incidents described in the paragraphs above were motivated by Defendants prejudice against individuals with disabilities and medical conditions.

116.    Defendants violated Plaintiff's right to be free from violence or intimidation by threats of violence as guaranteed by  California Civil Code section 51.7.

117.    As a direct and proximate cause of the conduct of Defendants, Plaintiff has suffered and will continue to suffer physical and mental injuries and anguish including:   infringement   of   Plaintiff's   civil   rights,   bruises,   gashes, abrasions/scratches all over body, laceration to right eye, black right eye, headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages..

118.    Defendants' violation of Plaintiff's rights guaranteed by California Civil Code section 51.7 entitled Plaintiff to compensatory and punitive damages, a $25,000 civil penalty, and attorney's fees, all of which  are provided in Civil Code 52 and requested herein.

119.    In doing the acts alleged in this complaint, Defendants knew or should have known that their actions were likely to injure Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that Defendants intended to cause injury to Plaintiff and acted with a willful and conscious disregard of Plaintiff's rights as

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

secured by Civil Code section 51.7, thus entitling Plaintiff to recover punitive damages pursuant to Civil Code section 52, subdivision (b)(1).

## EIGHTH CAUSE OF ACTION

## RATIFICATION (*MONELL*)

**(Against All Defendants and Does 1 through 50, inclusive)**

120.   Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

121.   Defendant willfully and deliberately denied Plaintiff medical care and accommodations.

122.   Defendants maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("Monell") of denying proper medical care, denying proper accommodations, and depriving persons of life, liberty and property.

123.   Defendants either knew or had constructive knowledge that Defendant would require proper medical care and accommodations for disabled persons.

124.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of OCCMJ, all Defendants acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Plaintiff.

125.   The conduct alleged herein violated Plaintiff's rights alleged above which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

126.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

127.   In committing the acts described above, Plaintiff is informed and believes Defendants and DOES 1-50 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendants and DOES 1-50 in an amount according to proof at time of trial.

MCMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

**NINTH CAUSE OF ACTION**

**UNCONSTITUTIONAL POLICY (*MONELL*)**

**(Against All Defendants and Does 1 through 50, inclusive)**

128.   Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

129.   Defendants maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*"), of denying proper medical care and denying proper accommodations.

130.   The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws and  is essentially a direction that all persons similarly situated should be treated alike. Moreover, the Eighth Amendment prohibits cruel and unusual punishment.

131.   Defendants violated Plaintiff's constitutionally protected rights by deliberately ignoring his medical needs and his need for special accommodations resulting from his disabilities and medical condition.

132.   Defendants acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class (being disabled/having a medical condition) pursuant to policies and/or procedures of their respective entities.

133.   Defendants acted under color of law and knew that discriminating and/or profiling Plaintiff in these circumstances was illegal under clearly established law.

134.   Defendants acted pursuant to the policies and/or procedures of their respective entities when they engaged in the aforementioned discriminatory conduct.

COMPLAINT FOR DAMAGES

135.   The unconstitutional policy set forth above was a direct cause of Plaintiff's injuries in this case.

136.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of Plaintiff.

137.   The conduct alleged herein violated Plaintiff rights alleged above, which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

138.   Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

139.   In committing the acts described above, Plaintiff is informed and believes Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against defendants in an amount according to proof at time of trial.

## TENTH CAUSE OF ACTION

## NEGLIGENT HIRING TRAINING, SUPERVISION, DISCIPLINE, AND/OR RETENTION

### (Against All Defendants and Does 1 through 50, inclusive)

140.   Plaintiff re-incorporates by reference as though fully set forth herein, each and every fact, claim and/or allegation contained in the preceding paragraphs of this complaint.

141.   At all pertinent times, Defendants DOES 1-20 were officials, staff, or employees of Defendants who, by virtue of their supervisory role, had a duty to train, supervise, instruct, and correctional officers and attending medical staff such as DOES 21-40 to ensure that DOES 21-40 respected and did not violate the state and federal constitutional, statutory, and other legal rights of inmates.

142.   Defendants DOES 21-40 performed the work for which they were hired in an unfit or incompetent manner by virtue of their having shown a propensity

McMURRAY HENRIKS, LLP
5670 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CA 90036

toward deliberately ignoring the medical needs of inmates as described above evidencing a lack of training, supervision, and/or discipline.

143.   Defendants DOES 1-20 knew or should have known that their failure to train, supervise, instruct, and/or discipline DOES 21-40 created a particular risk of injury to prison inmates like Plaintiff.

144.   Defendants DOES 1-20's failure to act was a substantial factor causing Defendants DOES 21-40 to deliberately ignore the medical needs and special accommodation requirements of Plaintiff and was a proximate cause of the following harm, which was experienced by Plaintiff: infringement of Plaintiff's civil rights, bruises, gashes, abrasions/scratches all over body, laceration to right eye, black right eye,  headaches, reversal of healing from surgeries, and persisting mental and emotional injury. Plaintiff has also been caused to incur costs for past and future medical and psychological treatment as well as for past and future loss of wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general damages in a sum according to proof at the time of trial;

2.  For special damages in a sum according to proof at the time of trial;

3.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

4.  For injunctive relief;

5.  For costs of suit and reasonable attorneys' fees as provided by law, including, but

    not limited to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C § 794(b) and Cal. Civ. Code §§ 52.1(h) and 52(b)(3).

6.  For punitive damages against individual defendants DOES 1 through 50 as provided by law, including, but not limited to 42 U.S.C. § 1983, Cal. Civ. Code §§ 337.34 and 52(b)(1); and

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
5670 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1450
Lᴏs Aɴɢᴇʟᴇs, CA 90036

COMPLAINT FOR DAMAGES

1       7.  For such other and further relief as the court deems proper.

2

3    DATED:       December 9, 2021          Respectfully Submitted,

4                                          **McMURRAY HENRIKS, LLP**

5

6                                          By:   /s/ Yana G. Henriks

7                                                Randy H. McMurray, Esq.
                                                 Yana G. Henriks, Esq.

8                                                Attorneys for Plaintiff
                                                 Robert B. McDougal, through his

9                                                Guardian ad Litem Marla Maclean.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**McMurray Henriks, LLP**
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiff ROBERT B. MCDOUGAL, hereby demands a trial by jury on all causes of action.

DATED:      December 9, 2021

Respectfully Submitted,

**McMURRAY HENRIKS, LLP**

By:     /s/ Yana G. Henriks
Randy H. McMurray, Esq.
Yana G. Henriks, Esq.
Attorneys for Plaintiff
Robert B. McDougal, through his
Guardian ad Litem Marla Maclean.

McMurray Henriks, LLP
5670 Wilshire Boulevard, Suite 1450
Los Angeles, CA 90036